IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30582
_____

RICHARD L. WILSON,

Plaintiff-Appellant,

versus

RICHARD L. STALDER; C. MARTIN LENSING,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 94-CV-736
- - - - - - - - - -
(October 19, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Richard L. Wilson, an inmate of Hunt Correctional Center (HCC) has requested leave to appeal in forma pauperis (IFP) from the district court's grant of summary judgment to the defendants in his civil rights action. We grant the motion, reverse the district court's judgment, and remand the cause for further proceedings.

Wilson alleged in his verified civil rights complaint that he, a nonsmoker, has been exposed to environmental tobacco smoke (ETS) ever since he was arrested in 1983. He alleged that this

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

has caused him headaches, nausea, and "shortage" of breath, although he never had any health problems before. Wilson alleged that he has repeatedly asked doctors, the warden, and other prison policy-makers either to change the policy which allows smoking in the inmate living areas or to house him in a nonsmoking area. He alleged that medical doctors at Charity Hospital in New Orleans have told him that his health problems are caused by ETS and that his medical records also show this.

Wilson alleged further that prison officials have exposed him to levels of ETS which pose an unreasonable risk of damage to his future health. He asserts that they have acted with deliberate indifference, which constitutes cruel and unusual punishment. As defendants, Wilson named Warden C. Martin Lensing (the Warden) of Hunt Correctional Center (HCC) and Richard Stalder, Secretary of the Louisiana Department of Public Safety and Corrections. Wilson requested a restraining order to prevent future violations of his rights. He also requested compensatory and punitive damages, including compensation for his future medical expenses.

Wilson attached to his complaint a copy of an administrative remedy proceeding (ARP) request which he sent to the Warden. Therein, Wilson complained that, although Stalder had approved a policy that inmates are prohibited from smoking in bed and in other designated no-smoking areas, the policy is not being enforced. He stated that smoking inmates have 33 "butt cans" per section in the bed area and 10 cans in the TV area of his dorm.

The defendants filed copies of the relevant ARP documents.

Lensing stated in his response, dated December 28, 1993, that because most of the inmates smoked, the administration did not intend to change its policy of allowing them to smoke in their dorms. Stalder's response to the ARP was that the Warden's said policy was acceptable to him.

Lensing and Stalder filed a motion for summary judgment with a "Statement of Undisputed Facts," a memorandum, and voluminous exhibits. Among their exhibits were Wilson's prison medical records, affidavits of Dr. Frank Dienst and HCC Deputy Warden Mariana Leger, and HCC's relevant policy statements.

Wilson also moved for summary judgment, with a supporting memorandum and numerous exhibits, many of which were duplicates of the defendants' exhibits. However, he did not attach his own affidavit or state that his memorandum, which alleges facts, was made under penalty of perjury, 28 U.S.C. § 1746. Although he did not specifically refer to defendants' "Statement of Undisputed Facts," he controverted several of its averments.

The magistrate judge recommended granting summary judgment to the defendants, apparently crediting their supporting materials, including their "Statement of Undisputed Facts." The magistrate judge found that Wilson "suffers from seizures, hypertension, angina, vision impairment and has experienced shortness of breath during exertion." The magistrate judge found further that Wilson has not complained of or been treated for respiratory problems, and has not complained to prison medical personnel regarding exposure to ETS. Crediting Dr. Dienst's affidavit, the magistrate judge found that Wilson's "health

problems are not the result of exposure to ETS," and that his assertion that his health is declining as a result of ETS is speculation. Id.

The magistrate judge found that, assuming Wilson "has been exposed to ETS as alleged, the summary judgment evidence showed that the defendants have responded with policies and regulations designed to minimize the risk of adverse health effects as a result of exposure to ETS." In support, the magistrate judge relied on the fact that dorm Fox 7 is smoke-free, without adverting to Wilson's assertion that this is a special paramilitary unit. The magistrate judge noted that smoking in Fox 2, where Wilson is confined, is now restricted to the dayroom during limited hours. The magistrate judge also relied on Wilson's admission that "he did not request a transfer to a smoke-free area, . . . because there would be more restrictions on his liberty in that area." In conclusion, the magistrate judge stated: "Despite [Wilson's] assertion that these policies and regulations are not rigorously enforced, the evidence in the record is insufficient for a reasonable factfinder to conclude that their administration is so ineffective that it constitutes deliberate indifference to [Wilson's] serious medical needs."

Wilson filed objections to the magistrate judge's report, pointing out that it is undisputed that his health has worsened during his confinement. He also asserted that "[m]edical opinion that ETS is harmful to persons so exposed is overwhelming and that harm is increased tremendously when serious pre-existing conditions, such as suffered by Wilson, are present." He relies

on his summary-judgment memo and attached exhibits, several of which are newspaper and magazine articles stating that ETS increases the risk of death from heart disease and lung cancer. Wilson noted that his assertion that 85% of the inmates in his dorm smoke and that most of them smoke in the living area, is unrefuted. He averred that there are material facts in dispute, i.e., whether HCC's policy is sufficient to eliminate concerns about ETS and whether the policy is being enforced properly.

Wilson contended that it would be unsound legally to hold that he cannot assert his ETS claim until after his life is shortened by the exposure to ETS. He asserted that, considering the medical evidence, it would be erroneous to hold that his claim is only speculation. Wilson argued that the defendant's claim that ETS does not contribute to his declining health is mere speculation. The district court, adopting the magistrate judge's report, granted the defendants' summary-judgment motion and denied Wilson's.

Wilson requests that this court grant him leave to appeal IFP. To obtain such leave, he must demonstrate that he is impecunious and that he will present a nonfrivolous issue on appeal. Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). An appeal is not frivolous under 28 U.S.C. § 1915(a) if it "involves legal points arguable on their merits." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (citations and quotation marks omitted).

Wilson contends that the district court erred by granting summary judgment to Stalder and Lensing. He requests this court to order them to "establish a smoke free dorm(s) as needed to

protect Wilson, and other non-smokers, from ETS exposure and the health risk caused by such exposure."  As he conceded elsewhere in his brief and in his objections to the magistrate judge's report, however, Wilson can seek relief only for himself, not for other inmates.  Coon v. Ledbetter, 780 F.2d 1158, 1160 (5th Cir. 1986).

Wilson contends that he is entitled to reversal on grounds that Stalder and Lensing have been deliberately indifferent to his health and safety.  "Wilson asserts that the fact that exposure to ETS generally, and [of] previously ill persons specifically, is a serious health problem is overwhelming, generally accepted by all medical experts. . . ."  He argues that appellees' deliberate indifference is shown by their failure to enforce their policy concerning ETS.  He states that he "is confined to a small area with smokers all around him, smoking excessively."  He iterates his assertion that the current policies would not sufficiently rid the inmates' living areas of ETS even if they were enforced, because smoking is allowed in television rooms which are not partitioned off from the rest of the living areas.

Rule 56(c), Fed. R. Civ. P., provides that the district court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  To avoid summary judgment, the opposing party "by affidavits or as otherwise

provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  This court's standard of review of a summary-judgment ruling is the same as the district court's, and it must be based on the evidence which was presented in the district court.  <u>See</u> <u>Sanders v. English</u>, 950 F.2d 1152, 1159 (5th Cir. 1992).

This court has held that litigants, even if pro se, cannot oppose motions for summary judgment with unsworn statements. <u>Gordon v. Watson</u>, 622 F.2d 120, 123 (5th Cir. 1980).  Wilson's verified complaint, nevertheless, may be considered as summary-judgment evidence.  <u>RTC v. Starkey</u>, 41 F.3d 1018, 1024 (5th Cir. 1995).

Wilson contested appellees' unsworn "Statement of Uncontested Facts" with his own such statement and his memorandum in support of his own motion for summary judgment.  These, together with the sworn allegations of Wilson's complaint, show that the district court erred by granting summary judgment to the appellees.  Dr. Dienst's statement that Wilson's "medical problems [do] not arise from . . . being exposed to tobacco smoke," cannot be dispositive of Wilson's claims, because "unsupported . . . affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment."  <u>Galindo v. Precision American Corp</u>., 754 F.2d 1212, 1216 (5th Cir. 1985).

In (Willard) <u>Wilson v. Lynaugh</u>, 878 F.2d 846, 849 (5th Cir.), <u>cert. denied</u>, 493 U.S. 969 (1989), this court held, in a

case involving an ETS claim, that "conditions of confinement which expose inmates to . . . identifiable health threats implicate the guarantees of the Eighth Amendment."  The court held that "the district court did not abuse its discretion in dismissing [that] case under [28 U.S.C.] § 1915(d) as frivolous because it is duplicative," but cautioned that "this decision has limited significance in terms of stare decisis."  Id. at 851.

In Helling v. McKinney, 113 S. Ct. 2475, 2481 (1993), the Court rejected the prison officials' contention "that only deliberate indifference to current serious health problems of inmates is actionable under the Eighth Amendment."  The Court affirmed the Ninth Circuit's holding "that McKinney state[d] a cause of action . . . by alleging that petitioners have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health."  Id.  The Court held that upon remand, McKinney "must also establish that it is contrary to contemporary standards of decency for anyone to be so exposed against his will and that prison officials are deliberately indifferent to his plight."  Id.

Wilson also asserted in his complaint that his exposure to ETS since being incarcerated had caused him headaches, nausea, and shortness of breath.  See Weaver v. Clarke, 45 F.3d 1253, 1256 (8th Cir. 1995) ("Weaver alleges deliberate indifference to his existing ill health.").  He stated that he has repeatedly asked the doctors, the Warden, and other prison policy-makers either to change the policy which allows smoking in the inmate

living areas, or to house him in a nonsmoking area.  Wilson asserted that physicians at Charity Hospital in New Orleans have told him that his health problems are caused by ETS.  He alleged further that the defendants, with deliberate indifference, have exposed him to levels of ETS which pose an unreasonable risk of damage to his future health.

The ARP record filed by appellees shows that Wilson complained to them that the restricted-smoking policies were not being enforced.  Specifically, Wilson complained that inmates in his dorm kept butt cans by their beds, where they smoked in violation of the posted policy.  Warden Lensing replied that they did not plan to change their policy of allowing smoking in the living areas of the dorms.  Stalder denied relief, stating that the warden's position was acceptable to him.  Although the policy was revised on June 29, 1994, after Wilson filed suit, appellees' summary-judgment materials do not contradict Wilson's assertion that this policy is not being enforced.  This assertion has been brought to appellees' attention by Wilson's memorandum and other material he filed in support of his summary-judgment motion.  Because there are genuine issues relative to material facts, the district court should not have granted summary judgment to appellees.  See Sanders v. English, 950 F.2d at 1154-55.

REVERSED AND REMANDED.